IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

MARVIN MOBLEY,

 Plaintiff,

v.

VIKING COLLECTION SERVICE, INC., a Minnesota corporation,

 Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Marvin Mobley, is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Viking Collection Service, Inc., is a Minnesota corporation operating from addresses at 7500 Office Ridge Circle, Eden Prairie, Minnesota, 55344 and 2075 West Pinnacle Peak Road, Suite 110, Phoenix, AZ 85027.

11. The Defendant's registered agent in the state of Colorado is Beverly Hill's, Inc., 3605 Mead Street, Fort Collins, Colorado, 80526.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account originally owed to Capital One and now allegedly owed to Resurgent Capital Services, L.P. located at 15 S. Main Street, Suite 600, Greenville, South Carolina, 29601 (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all communication on the Account.

22. In the year prior to the filing of the instant action the Plaintiff received telephone call(s) and voicemail message(s) from the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant who were attempting to collect the Account.

23. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

24. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

25. The telephone call(s) and voicemail message(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

26. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant, including John Morris and Tom Barts, had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

31. During the communications the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the only way to get the Account off of his credit reports is to pay the Account.

32. The representation stated in paragraph 31 was false and was a false representation in connection with the collection of a debt, the Account.

33. During the communications the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that he had to have a reason to dispute the Account.

34. The representation stated in paragraph 33 was false and was a false representation in connection with the collection of a debt, the Account.

35. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff on the Plaintiff's telephone answering system that did not contain the information required by 1692d(6) and 1692e(11).

36. On or about February 16, 2010 at or around 5:44 pm Mountain Standard Time Chris Thomas, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

37. The voicemail message stated: "Hello this is Chris Thomas with Viking. I need a return call today at 800-974-6399. Again, this is Chris Thomas and my number is 800-974-6399."

38. 1-800-974-6399 is one of the Defendant's phone numbers.

39. The voicemail message was an attempt to collect the Account.

40. The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

41. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

42. The voicemail message does not state that the communication is from a debt collector.

43. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

44. The voicemail message does not meaningfully disclose the caller's identity.

45. Chris Thomas did not state that he was calling from the Defendant during the voicemail message.

46. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in

connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

47. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

48. Chris Thomas, the representative, employee and / or agent of the Defendant was not acquiring location information on the Plaintiff during this voicemail message.

49. Chris Thomas left this voicemail message for the Plaintiff.

50. Chris Thomas did not leave this voicemail message for a person other than the Plaintiff.

51. Chris Thomas was an employee of the Defendant at the time this message was left for the Plaintiff.

52. Chris Thomas was an agent for the Defendant at the time this message was left for the Plaintiff.

53. Chris Thomas was acting within the course of his employment with the Defendant at the time this message was left for the Plaintiff.

54. Chris Thomas was acting within the scope of his employment with the Defendant at the time this message was left for the Plaintiff.

55. Chris Thomas was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

56. Chris Thomas was under the control of the Defendant at the time this message was left for the Plaintiff.

57. Chris Thomas's actions in leaving this voicemail message for the Plaintiff are imputed to his employer, the Defendant.

58. The recording device used by the Defendant was capable of taping the voicemail message.

59. The operator of the recording device at the Defendant was competent to operate it.

60. The recording device used by Plaintiff was capable of taping the voicemail message.

61. The operator of the recording device used by the Plaintiff was competent to operate it.

62. The recording of the voicemail message is authentic and correct.

63. Changes, additions, or deletions have not been made to the voicemail message.

64. The voicemail message recording has been preserved in a manner that will be shown to the Court.

65. The speaker in the voicemail message has been identified as Chris Thomas, an employee of the Defendant.

66. The voicemail message was made voluntarily without any kind of inducement.

67. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and Chris Thomas.

68. The voicemail message is a business record of the Defendant.

69. The Defendant has a copy of this voicemail message.

7

70. The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on the Account on or about February 16, 2010 at or around 5:44 pm Mountain Standard time.

71. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

72. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(6).

73. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5), e(8), e(10) and e(11).

74. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

75. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

76. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

77. As a consequence of the Defendant's collection activities and

communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

78. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

79. The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned herein.

80. The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned herein.

81. The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

82. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

83. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

84. The previous paragraphs are incorporated into this Count as if set forth in full.

85. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), d(6), § 1692e preface, e(2)(A), e(5), e(8), e(10), e(11) and § 1692f preface.

86. The Defendant's violations are multiple, willful and intentional.

87. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    405 S. Cascade Avenue, Suite 305
    Colorado Springs, CO 80903
    (719) 473-0006
    Attorney for the Plaintiff